## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

WILLIE WALTER BUTLER, JR., #294965,

          Petitioner,

v.                                    CIVIL ACTION NO. 2:05cv51

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

          Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, by Order dated January 26, 2005, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

### A. Background

Petitioner, Willie Walter Butler, Jr. ("Butler"), was convicted by a jury in the Circuit Court for the City of Hampton, Virginia on November 2, 2000, of forcible sodomy and first-degree murder. Butler was sentenced to serve a life sentence in prison on each count charged, for a total of two life sentences, as reflected in the Court's Sentencing Order of January 8, 2001.

Butler appealed to the Court of Appeals of Virginia on January 23, 2001, which denied his appeal on the merits and affirmed his convictions by a three-judge panel on December 11, 2001.[1]  Butler appealed that decision to the Supreme Court of Virginia on December 18, 2001, which granted his appeal on April 19, 2002,[2] but ultimately denied the appeal on the merits on November 1, 2002.[3] Butler did not file a petition for certiorari in the United States Supreme Court.

On November 4, 2003, Butler filed a petition for a writ of habeas corpus in the Circuit Court for the City of Hampton.[4]  On June 14, 2004, the state court dismissed the petition as time-barred under Virginia's habeas statute of limitations, Virginia

---

[1]The Court of Appeals of Virginia's unpublished opinion affirming Butler's convictions is available at 2001 WL 1568755 (Va. App. Dec. 11, 2001).

[2]The Supreme Court of Virginia refused Butler's petition on all grounds except for one and limited its grant of Butler's appeal to consideration of his sixth assignment of error, namely, that "[t]he Court of Appeals erred in affirming the trial court's decision forcing Butler to go to trial where a copy of the jury panel to be used for trial had not been made available to defense counsel at least 48 hours before the trial, contrary to the requirements of Va. Code § 8.01-353."

[3]The Supreme Court of Virginia published its opinion affirming Butler's convictions. <u>Butler v. Commonwealth</u>, 264 Va. 614, 570 S.E.2d 813 (Nov. 1, 2002).

[4]It appears from the record that Butler executed that petition on or about October 29, 2003, and that, while he attempted to mail the petition using the prison's internal mailing system on October 30, 2003, he did so without using adequate postage, thus the petition was not received as properly filed by the Clerk of Court in the City of Hampton until November 4, 2003.

Code § 8.01-654(A)(2).[5]  Butler noted his appeal of the Circuit
Court's dismissal of his petition to the Supreme Court of Virginia
on June 29, 2004, but the Court summarily refused Butler's petition
for appeal on December 29, 2004.

On January 9, 2005, while in the custody of the Virginia
Department of Corrections at the Wallens Ridge State Prison, Butler
executed a federal petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2254.[6]  The Court received the petition on January 18,

---

[5]"A habeas corpus petition attacking a criminal conviction or
sentence ... shall be filed within two years from the date of final
judgement in the trial court or within one year from either final
disposition of the direct appeal in state court or the time for
filing such appeal has expired, whichever is later." Va. Code Ann.
§ 8.01-654(A)(2).  In Butler's case, the date of final judgment in
the trial court was January 8, 2001 and the final disposition of
his direct appeal in the state court was November 1, 2002, which
means that Butler's state habeas petition must have been properly
filed on or before November 1, 2003 to be considered timely.  As
discussed _infra_, Butler's attempt to rely on the state-court's
"mailbox rule" to excuse the late-filing of his petition was
unsuccessful.

[6]Butler appears to have originally executed a federal petition
for habeas corpus on January 9, 2005, but without utilizing the
proper form.  The Court received that petition on January 18, 2005,
along with a supporting memorandum and affidavit and a request to
proceed _in_ _forma_ _pauperis_, and conditionally filed the same on
January 26, 2005.  The undersigned Magistrate Judge entered an
order on February 1, 2005, directing Butler to set out his
allegations on the proper form and to file the amended petition
within thirty (30) days.  On February 15, 2005, the Court granted
Butler's motion of February 11, 2005 to receive a copy of his
original federal habeas petition and extended the deadline for
Butler to file his amended petition until March 24, 2005.  Pursuant
to that Order, Butler executed the instant petition on the proper
form, along with a request to proceed _in_ _forma_ _pauperis_, which the
Court received and conditionally filed on March 25, 2005.  On March
31, 2005, the undersigned Magistrate Judge entered an order
granting Butler's request to proceed _in_ _forma_ _pauperis_ and ordering

2005 and conditionally filed the same on January 26, 2005.  On March 31, 2005, the Court filed Butler's amended petition.[7]  On May 2, 2005, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum.  On May 20, 2005, Butler filed his opposition to Respondent's motion to dismiss and a supporting memorandum.[8]

---

the petition filed.  That Order also amended Butler's petition to substitute as the sole respondent in this proceeding Gene M. Johnson, Director of the Virginia Department of Corrections.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  The Court also notes that prior to the promulgation of these amendments the Court of Appeals for the Fourth Circuit had reserved the question of whether the prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), extends to an application for collateral review filed in district court.  See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001); United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000).  Nevertheless, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in applications for collateral review in district court.  Accordingly, for statute of limitations purposes, the Court adopts the prison mailbox rule for federal habeas petitions.

As there is no evidence in the record to suggest that Butler delivered his first habeas petition for mailing on any other day, the Court will assume that he delivered it for mailing on January 9, 2005, the date on which he signed it.  See Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991).

[7]The Court notes that petition also requested, at page fifteen (15), a request for "an evidentiary hearing on [Butler's] claims."

[8]Butler appears to have executed his response on May 16, 2005, which the Court received on May 20, 2005, but the documents submitted to the Court did not contain Butler's original signature.

## B. <u>Grounds Alleged</u>

Butler now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(a)  He was denied his fifth, sixth and fourteenth amendment rights to effective assistance of counsel by the trial court's failure to inquire into a possible pre-trial conflict of interest;

(b)  He was denied his sixth and fourteenth amendment rights to effective assistance of counsel by the trial court's failure to cure the pre-trial conflict of interest after it matured into an actual conflict of interest;

(c)  He was denied his fifth and fourteenth amendment rights to due process because his conviction was based on an "involuntary statement and invalid waiver";

(d)  He was denied his fifth and fourteenth amendment rights to due process because of prosecutorial misconduct arising from the prosecutor's suppression of exculpatory/impeachment evidence;

(e)  He was denied his fifth and fourteenth amendment rights to due process and right to call for evidence in his favor because of prosecutorial misconduct arising from the prosecutor's violation of a discovery order;

(f)  He was denied his fifth and fourteenth amendment rights to due process and a fair trial because of prosecutorial misconduct arising from the prosecutor's failure to correct the known false testimony of a witness;

---

The undersigned Magistrate Judge entered an order on June 6, 2005, directing Butler to sign the documents and return them to the Court within thirty (30) days.  Pursuant to that Order, Butler submitted his opposition papers with original signatures, which the Court received on June 16, 2005.

5

(g) He was denied his fifth and fourteenth amendment rights to a speedy trial by the bad faith of the prosecutor;

(h) He was denied his rights to due process and a fair trial because the trial court denied his motion to disqualify the prosecutor's office;

(i) He was denied his rights to due process and a fair trial because his trial defense counsel failed to state facts known to him regarding his motion for an independent DNA analysis and because the trial court denied the motion;

(j) He was denied his rights to due process and a fair trial because his trial defense counsel failed to present evidence known to him in support of his motion to dismiss the indictment;

(k) He was denied his rights to due process and a fair trial because the presiding trial judge failed to recuse himself from hearing the case;

(l) He was denied his sixth amendment right to effective assistance of counsel because his trial counsel "labored under [an] actual conflict of interest";

(m) The trial court erroneously concluded that his state habeas petition was time-barred under Va. Code § 8.01-654(A)(2); and

(n) He was denied his sixth amendment right to effective assistance of counsel on his direct appeal.

Butler's petition for a writ of habeas corpus, filed in the Circuit Court for the City of Hampton on November 4, 2003, asserted essentially the same claims for relief as alleged in the instant petition. That Court dismissed the petition on June 14, 2004, finding that the claims were time-barred, and the Supreme Court of

Virginia refused the petition for appeal on December 29, 2004, finding no reversible error.

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Butler's petition as requesting an evidentiary hearing on his claims. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8(c) of the Rules Governing Section 2254 Cases. Accordingly, the Court FINDS that Butler's motion for an evidentiary hearing should be DENIED.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Butler's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Butler would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on January 30, 2003, which was ninety (90) days after the November 1, 2002 refusal of his petition for appeal by the Supreme Court of Virginia and the

7

date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Therefore, without considering any tolling provisions, infra, Butler had until January 30, 2004 to file his federal petition for a writ of habeas corpus.  Butler did not execute the instant federal petition until January 9, 2005,[9] which was more than 300 days outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending.  28 U.S.C. § 2244(d)(2).  Such an application remains pending throughout the state review process including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).  This tolling provision does

---

[9]As noted supra, the original federal habeas corpus petition was executed by Butler on January 9, 2005, even though the petition was not ultimately completed on the proper form and properly filed with the Court until March 31, 2005.

not, however, apply to federal habeas petitions.  <u>Duncan v. Walker</u>,
533 U.S. 167, 172 (2001).[10]

An application for state post-conviction review is "properly
filed" not merely when it is delivered or accepted by the relevant
court.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000).  Rather:

> an application is 'properly filed' when its delivery and
> acceptance are in compliance with the applicable laws and
> rules governing filings. These usually prescribe, for
> example, the form of the document, the time limits upon
> its delivery, the court and office in which it must be
> lodged, and the requisite filing fee.

<u>Id.</u>  Thus, an application that does not conform to such rules, but
that is nonetheless accepted by the clerk of a state court, is not
a properly filed application; it is merely a "pending" application
that does not toll the limitation period.  <u>Id.</u> at 9 (application
was not properly filed and limitation period was not tolled where
fee was not included with filing).[11]   On the other hand, an
application that complies with such rules governing filings, but

---

[10]The Supreme Court in <u>Duncan v. Walker</u>, 533 U.S. 167, 172
(2001), held that a federal habeas petition is not an "application
for state post-conviction or other collateral review" within the
meaning of § 2244(d)(2) because the word "state" applies to the
entire phrase "post-conviction or other collateral review."  As
such, only state "other collateral review" tolls the limitation
period.  <u>Id.</u>

[11]<u>See also</u> <u>Osborn v. Dotson</u>, 2002 WL 32443533 at *2 (E.D. Va.)
(application was not properly filed because it was submitted on
improper forms, was not sworn under penalty of perjury, and did not
contain a description of facts and procedural history for each
claim); <u>Christian v. Baskerville</u>, 232 F. Supp. 2d 605, 607 (E.D.
Va. 2001) (petition for appeal was not properly filed because it
did not contain a list of errors as required by Va. Sup. Ct. R.
5:17(c)).

that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Bennett, 531 U.S. at 9.

In this case, the record reflects that Butler's application for state habeas relief was not properly filed within the meaning of § 2244(d)(2) because it was not timely filed: on June 14, 2004, the Circuit Court for the City of Hampton dismissed Butler's state habeas petition as untimely pursuant to Virginia Code § 8.01-654(A)(2); and on December 29, 2004, the Supreme Court of Virginia summarily dismissed Butler's appeal of this dismissal – finding no reversible error.  Thus, the statute of limitations was not tolled for the time that Butler's state habeas petition and appeal were pending.[12]  The deadline for Butler to file his federal petition for

_____

[12]The Court notes that even if Butler were entitled to a tolling period during the pendency of his state petition for a writ of habeas corpus in the Circuit Court for the City of Hampton, the tolling would still be insufficient to render Butler's federal petition timely.  There were 278 days between January 30, 2003, the date upon which Butler's convictions became final, and November 4, 2003, the date upon which Butler filed his untimely, but otherwise properly filed, state petition.  The limitation period then would have been tolled for 223 days until the state court's June 14, 2004 dismissal of the petition.  In that event, the federal petition would have been due to be filed on or before September 9, 2004 (223 days after the expiration of the original one-year statute of limitations of January 30, 2004), and Butler's January 9, 2005 federal petition would still have been approximately 122 days after and outside the tolled limitation period.

The Court also notes that while Butler's state petition for habeas corpus was filed by the Circuit Court for the City of Hampton on November 4, 2003, the day on which the Court apparently received the petition, the petition appears to have been executed on October 29, 2003.  As noted supra, the Fourth Circuit has expressly refrained from deciding whether the prison mailbox rule

habeas corpus remained January 30, 2004, and he was approximately 345 days after and outside the limitation period when he executed the petition on January 9, 2005.

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Butler's

---

applies to the filing of federal collateral review applications, much less whether it applies to such state filings. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001); United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000). Other federal courts are divided on whether the prison mailbox rule applies to determining the date on which properly completed state petitions are considered "properly filed" for the purpose of the tolling provision. Compare Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (noting that the prison mailbox rule applies to prisoners filing habeas petitions in both federal and state courts), and Fernandez v. Artuz, 175 F. Supp. 2d 682, 684, 687 (S.D.N.Y. 2001) (applying the prison mailbox rule to state post-conviction filings), with Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend the prison mailbox rule to state habeas filings), and Childs v. Zavaras, 90 F. Supp. 2d 1141, 1148-49 (D. Colo. 1999) (assuming, but not deciding, that the prison mailbox rule would apply to state habeas filings).

The Court further notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25. The Court declines to extend the prison mailbox rule to the filing of Butler's state habeas petition, which occurred prior to the enactment of that rule. Even if the rule were applied, however, the tolling period applicable to these proceedings would have only been extended for six (6) days (between October 29, 2003 to November 4, 2003) and therefore would not have affected the untimeliness of Butler's petition. Butler's federal petition for a writ of habeas corpus would have still been filed no less than 116 days after and outside the applicable limitation period.

motion for an evidentiary hearing be DENIED, that Butler's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Butler's claims be DISMISSED WITH PREJUDICE.

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                        /s/
_____    _____
                                        F. Bradford Stillman
                                        United States Magistrate Judge

Norfolk, Virginia

January 11, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Willie Walter Butler, Jr., #294965
Wallen's Ridge State Prison
P.O. Box 759
Big Stone Gap, Virginia 24219

Steven A. Witmer, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Elizabeth H. Paret, Clerk

By: _____
Deputy Clerk
January    , 2006

14